[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this habeas corpus petition, the claim of ineffective assistance of counsel is directed at trial counsel's failure to call a witness.
This witness gave a statement to the police in which she stated that she was in the company of the petitioner at 10:00 p. m. on July 19, 1993. She related that they traveled to an address on Hurlburt Street and that the petitioner left the vehicle for about five minutes and then returned. They then went to a local drive-in restaurant and then returned to Chapel Street.
The fatal shooting with which the petitioner was charged, took place at 10:20 p. m. at the Hurlburt Street location. The petitioner argues that this witness should have been called as a alibi witness.
 DISCUSSION I
The trial attorney testified that this case was defended on the grounds of a misidentification. This strategy appears sound, particularly in view of the decision of our Supreme Court, (see CT Page 6658248 Conn. 1, (199), noting the key identification witness had given several contradictory statements.
The court decision also places the shooting at 10:20 p. m., while the potential witness gave her version of the events in approximate times.
Thus, allowing for up to 10 minutes for the petitioner to have traveled from the Chapel Street address to Hurlburt Street, the witness would have placed the petitioner at the scene at 10:15.
Even if that trip only took 5 minutes, she places him at the scene 10 minutes before the shooting.
The court can envision a scenario where this witness would have been called and given her time table as set out in her statement, Exhibit B. This would have left the prosecutor to argue, and the jury to conclude, that the petitioner was present at the time of the shooting.
The defense, on any of the above factual settings, would then be forced to argue that the petitioner was on the scene but left before the shooting. This would appear to give greater vitality to the identification of the petitioner.
The court does not find that the decision made by trial counsel to forego this testimony reflects a performance below the standards for reasonably competent criminal defense lawyers.
In fact, the court finds the contrary to be the case. Placing the petitioner at the scene and then attempting to negate his presence would present a substantial hazard.
The court attaches no significance to the trial counsel's faulty recollection of the facts in his trial testimony. It was his recollection that the shooting had occurred at a later time.
 II
Trial counsel was questioned about two other potential witnesses the petitioner told him about. investigation revealed that neither of them could testify as alibi witnesses with any degree of certainty as to date and time. CT Page 6659
 CONCLUSION
The relief requested here cannot be granted on the basis of second guessing or hind sight. Trial counsel made a solid, calculated tactical decision consistent with applicable standards for a criminal defense.
The petition is denied and judgment may enter for the defendant.
Anthony V. DeMayo, J.T.R.